```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**MATTHEW B. KEEN,**

                      **Plaintiff,**

     v.                                        CASE NO. 20-3005-SAC

**RON BAKER, et al.,**

                      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

**I. Nature of the Matter before the Court**

Plaintiff Matthew B. Keen, an inmate at Lansing Correctional Facility (LCF) in Lansing, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated. He names as defendants former LCF wardens Ron Baker and Sam Cline; Dr. Larry Bumgardner, who works for Corizon and provides medical services to inmates; and C. Hadder, Corizon Regional Director. Plaintiff sues the defendants in their individual capacities only. The Court has identified several deficiencies in the complaint but will allow Plaintiff the opportunity to file an amended complaint on court-approved forms that cures the deficiencies.

As the factual background for this complaint, Plaintiff alleges that between January 20, 2016 and January 15, 2019, Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by providing inadequate medical care and showing deliberate indifference to his serious medical needs. More

specifically, Plaintiff contends that during the relevant time, he suffered from chronic pain in his right knee and right shoulder. He went to sick call multiple times and received some treatment, but treatment was at times delayed or denied. On August 1, 2016, Plaintiff filed a grievance related to the lack of treatment, on which Defendant Cline declined action. Over the course of 2016 and 2017, Plaintiff attended sick call 11 times to receive treatment for his knee, shoulder, ankle, neck, and back.

On December 6, 2017, Plaintiff was approved for a knee sleeve, but as of February 22, 2018, he had not yet received it. An electronic medical record dated February 22, 2018 also noted that "'muscle rub and Tylenol orders were not placed.'" Moreover, Plaintiff alleges that although his symptoms suggested a torn meniscus, Defendant Bumgardner "failed to inquire into essential facts that are necessary to make a professional judgment," "prevented [Plaintiff] from receiving treatment[,] and/or denied him access to medical personnel capable of evaluating the need for treatment."

On March 19, 2018, Dr. Stanton recommended that Plaintiff receive an MRI, but Defendant Hadder denied the recommendation. The following month, Plaintiff filed a grievance alleging that Corizon was withholding proper medical care by the denial. Plaintiff asked for the MRI or to be seen by a different medical provider. The Unit Team found that no further action was necessary, and Defendant Cline declined to take further action in June 2018.

On August 24, 2018, Plaintiff was diagnosed with a torn meniscus, but he did not receive the necessary surgical treatment until January 15, 2019. After his surgery, Plaintiff filed a grievance with Defendant Baker alleging he had not received post-surgical pain medication. Defendant Baker declined to take further action. Similarly, Plaintiff filed a medication-related grievance in May 2019, on which Defendant Baker also declined to take further action.

In his request for relief, Plaintiff seeks at least $250,000.00 in compensatory damages; at least $250,000.00 in punitive damages; special damages for future medical care; injunctive relief; and declaratory relief.

**II.   Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes pro se complaints such as this one and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant must follow the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

**III. Discussion**

### A. The Complaint

The complaint does not separate Plaintiff's claims into specific counts. On the portions of the court-approved forms for stating which "constitutional rights, privileges or immunities have been violated" and identifying the relevant supporting facts for Counts I, II, and III, Plaintiff has written "See Attached." Attached to the complaint is a document consisting of 19 numbered paragraphs with no indication which paragraphs relate to which Count. If Plaintiff chooses to file an amended complaint, he shall clearly indicate whether he is bringing claims and, if so, which facts he alleges support each claim.

### B. Relief Sought

Among other things, Plaintiff seeks injunctive relief, but he asserts that he is suing the Defendants in their individual capacities only. "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (2011) (citing *Hafer v. Melo*, 502 U.S. 21, 30, 27 (1991)). Thus, Plaintiff may not seek injunctive relief against Defendants.

### C. Failure to State a Claim

When the Court conducts an initial screening of a pro se complaint, it liberally construes the complaint. *See Erickson*, 551 U.S. at 94. The Court also accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006). Even so, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins*, 519 F.3d at 1247 (citing *Twombly*, at 1974).

### 1. Failure to Allege Personal Participation by Defendants Cline and Baker

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) ("[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim."). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The only factual allegations directly involving Defendant Baker and Defendant Cline are that they declined to take action on Plaintiff's grievances. An allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights

alleged by plaintiff, does not establish personal participation under § 1983."). Even liberally construing the complaint and taking all well-pleaded allegations therein as true, Plaintiff has failed to adequately allege sufficient personal involvement by Defendants Cline and Baker.

### 2. Failure to Adequately Allege a Federal Constitutional Violation by Defendants Bumgardner and Hadder

Relatedly, although Plaintiff has alleged personal participation by Defendants Bumgardner and Hadder, their alleged actions actions do not rise to the level of a plausible § 1983 claim for violation of the Eighth Amendment.

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 Fed.Appx. 667, 672 (10th Cir. 2008)(citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)).

The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective

analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)). Plaintiff has not alleged facts that support a plausible claim that either Defendant Bumgardner or Defendant Hadder acted with a sufficiently culpable state of mind.

Although Plaintiff argues that Defendant Bumgardner should have inquired into essential facts, an inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." *Estelle*, 429 U.S. at 106. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.*

Similarly, although Plaintiff disagreed with Defendant Hadder's decision to deny an MRI, a mere difference of opinion between the inmate and medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. See *Estelle*, 429 U.S. at 106-07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between

a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992)(Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation). Where, as here, the complaint alleges a "series of sick calls, examinations, diagnoses, and medication," it "cannot be said there was a 'deliberate indifference' to the prisoner's complaints." *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976). As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 105-106 (footnote omitted).

Furthermore, delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006). In cases involving

allegations of missed diagnoses or delayed treatment, plaintiffs may establish liability by showing:

> a medical professional recognizes an inability to treat the patient due to the seriousness of the condition and his corresponding lack of expertise but nevertheless declines or unnecessarily delays referral, e.g., a family doctor knows that the patient needs delicate hand surgery requiring a specialist but instead of issuing the referral performs the operation himself; (2) a medical professional fails to treat a medical condition so obvious that even a layman would recognize the condition, e.g., a gangrenous hand or a serious laceration; [or] (3) a medical professional completely denies care although presented with recognizable symptoms which potentially create a medical emergency, e.g., a patient complains of chest pains and the prison official, knowing that medical protocol requires referral or minimal diagnostic testing to confirm the symptoms, sends the inmate back to his cell.

*Boyett*, 282 Fed.Appx. at 673 (quoting *Self*, 439 F.3d at 1232) (citations omitted)).

Even taking all of the facts alleged in the complaint as true, Plaintiff not alleged sufficient facts to support a plausible claim that Defendant Hadder or Defendant Bumgardner violated his constitutional rights under the Eighth Amendment.

**IV. Amended Complaint Required**

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. The Court grants Plaintiff the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] In his Amended Complaint, Plaintiff must (1) make clear

---

[1] An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. Plaintiff may

whether he brings one count or multiple counts against Defendants; (2) identify the particular federal constitutional right or rights he believes Defendants violated; (3) allege sufficient facts to state a claim of federal constitutional violation and show a cause of action in federal court; and (4) allege sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an Amended Complaint within the given time that cures all the deficiencies discussed herein, this matter will be decided on the current deficient complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted until August 30, 2021 to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 30th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

---

not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those he wishes to retain from the original complaint. Plaintiff must write the number of this case (20-3005) at the top of the first page of the Amended Complaint. See Fed. R. Civ. P. Rule 10. He should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.