```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**MATTHEW B. KEEN,**

       **Plaintiff,**

   **v.**                 **CASE NO. 20-3005-SAC**

**RON BAKER, et al.,**

       **Defendants.**

## ORDER OF DISMISSAL

This matter is a civil action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, brings this action against two former state prison wardens, and a physician and a regional officer employed by Corizon, a health care provider serving Kansas prisoners. The matter is before the court on plaintiff's second amended complaint.

### Background

Plaintiff alleges that between January 2016 and January 2019, he sought medical attention for pain in his right knee and right shoulder arising from injuries he sustained in 2011 (Doc. 8-1, p.10). As outlined in the court's Memorandum and Order to Show Cause (MOSC) (Doc. 7), during 2016 and 2017, plaintiff attended sick call 11 times for care. Grievance materials from August 2016 show that plaintiff had normal X-rays and received two medications for pain relief (*Id.*, p. 1). In December 2017, he was approved for a knee sleeve but had not received it by February 2018. In March 2018, a physician recommended an MRI for plaintiff's knee, but defendant Hadder, the regional director of Corizon, denied the request. Plaintiff then was scheduled to see another provider to assist the regional director in

evaluating the need for an MRI (*Id.*, p. 5). Another grievance response shows that in July 2018, an offsite referral had been denied and plaintiff had an appointment with an orthopedist (*Id.*, p. 10).

Plaintiff underwent knee surgery in January 2019, and he complains he did not receive adequate pain medication following surgery. A response to his grievance on this point shows that following surgery, plaintiff did not receive two scheduled doses of his pain medication on January 15 and 16, 2019, but was issued an extra dose on January 17, 2019 (*Id.*, p. 16).

## Analysis

Plaintiff claims his constitutional rights were violated by the failure to provide adequate medical attention for his complaints of pain.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). This standard has both objective and subjective components. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(citing *Estelle*, *id.*).

Under the objective portion of the analysis, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation marks and citations omitted).

Under the subjective portion of the analysis, the defendant prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and

he must also draw the inference." *Farmer*, 511 U.S. at 837.

Within this framework, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's constitutional rights. *See Estelle*, 429 U.S. at 105-06 ("A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Even medical malpractice does not state a cognizable Eighth Amendment claim. *See, e.g.*, *Estelle*, 429 U.S. at 106 (medical negligence does not violate the Eighth Amendment).

Likewise, a difference in opinion between a prisoner and medical personnel is insufficient to state a claim for relief. *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). Finally, a delay in providing medical care violates the Constitution only where that delay resulted in substantial harm. *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)(quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)).

The court has considered the record and finds plaintiff was provided a continuing course of medical care to address his medical complaints. Although this medical care did not provide plaintiff with the precise type of care that he desired, and there were some delays in providing treatment, the record does not suggest deliberate indifference.

In the second amended complaint, as before, it appears the participation of the defendant wardens was limited to their responses to grievances filed by plaintiff. As explained in the MOSC, this does not state a constitutional violation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself

without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.").

Likewise, the plaintiff's claims concerning the decisions of defendants Bumgardner and Hadder appear to be challenges to their medical judgment. Despite plaintiff's dissatisfaction with their medical decisions, his allegations do not show deliberate indifference.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's motion for issuance of summons (Doc. 6) is denied as moot.

**IT IS SO ORDERED.**

DATED: This 29th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge